NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

MRS. WEAVER'S SALADS, a division of
Dean Foods, Co., Inc., Respondent.

No. 20626.

United States Court of Appeals,
Sixth Circuit.

March 22, 1971.

Enid Rubenstein N.L.R.B. Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Charles N. Steele, Atty., N.L.R.B., Washington, D. C., on the brief), for petitioner.

Arnold E. Perl, Memphis, Tenn. (Newell N. Fowler, Fowler, Young & Perl, Memphis, Tenn., on the brief), for respondent.

Before BROOKS and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This case is before the Court on the Board's petition for enforcement of the decision and order of the National Labor Relations Board (reported at 191 N.L.R.B. No. 34) finding the employer in violation of Section 8(a) (5) and (1) of the National Labor Relations Act, 29 U.S.C., Section 158(a) (5) and (1), because of the respondent's refusal to bargain and the granting of a unilateral wage increase. The employer has cross-petitioned seeking review to set aside the Board's decision and order.

The facts are relatively simple. A representation election was held at respondent's plant on April 18, 1969, which resulted in a majority in favor of the union. The employer filed timely objections to the election charging that the union had threatened bodily harm, personal intimidation and violence which created an atmosphere of fear and reprisal, and charging further that the union advised employees that union members would be treated differently than non-members if the union won the election. The objections were filed on April 25, 1969. On April 28, 1969 the Board's Investigator called the employer's counsel, who was not available. On April 29, 1969 the Board Investigator talked to the attorney for the employer, stating that he was prepared to take evidence in regard to the objections to the election. Counsel explained that he would be unable to present the evidence until May 12 (9 working days later) in support of the objections to the election because of earlier commitments, the details of which were given to the Board Representative. On the same day, April 29, 1969, the Regional Director wrote a letter advising counsel that the objections would be overruled unless the evidence was submitted during that week (by May 5). The objections were overruled and the Union was certified as a bargaining agent without any opportunity to the employer to present evidence relative to the objections to the election. After the respondent excepted to the Regional Director's ruling the Board affirmed. Thereafter, the respondent refused to bargain with the union and granted a unilateral wage increase.

A single issue is presented in this case; that is whether the action of the Regional Director in failing to grant five additional working days for presentation of evidence in support of the objections was arbitrary and unreasonable in a case in which the stipulation for consent election was filed on March 17, 1969. We hold that it was. A similar issue was before this Court in N.L.R.B. v. Brown Lumber Co., 336 F.2d 641 at page 644 (C.A. 6, 1964) where the Court said:

"If the proffer correctly states the facts, *a slavish adherence to the Board's rules in this case would result in a greater injustice than the injustices that the rules are to prevent.*" [Emphasis supplied.]

The same is true in this case. If the facts are as stated in the employer's objections to the election it would be a travesty on justice to hold that a five day extension of time in which to

, present evidence of such behavior is an unreasonable request.

We hold that the Regional Director and the Board acted in a capricious and unreasonable manner. Enforcement of the order is denied and the Board's order is set aside and the case is remanded to the Board for further proceedings not inconsistent with this opinion.